Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case        Location : All Locations    Images Help
Records Refine Search  Back

# REGISTER OF ACTIONS
## CASE NO. 23CV13009

| | |
|---|---|
| **Estate of Matthew Reynolds vs The Oregon Department of Human Services, Angela Kneeland, Reigna Rushford, Rhonda Irish, Amy Youngflesh** §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Tort - Wrongful Death**<br>Date Filed: **03/27/2023**<br>Location: **Multnomah** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Doe 1, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 1, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 1, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 1, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 2, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 2, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 2, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 3, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 4, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Doe 5, Jane/John**<br>Removed: 04/19/2023<br>Clerical Error | |
| Defendant | **Irish, Rhonda**<br>100 SW Market Street<br>Portland, OR 97201 | |
| Defendant | **Kneeland, Angela**<br>75365 Fern Hill Road<br>Rainier, OR 97048 | |
| Defendant | **Rushford, Reigna**<br>100 SW Market Street<br>Portland, OR 97201 | |
| Defendant | **The Oregon Department of Human Services** | |

500 Summer Street NE
Salem, OR 97301

**Defendant**    **Youngflesh, Amy**
2441 SE Sherman Street
Portland, OR 97214

**Plaintiff**    **Estate of Matthew Reynolds**

8132 SE Lake Rd.
Unit 110
Portland, OR 97267

**STEVEN V RIZZO**
*Retained*
503 229-1819 x16(W)

**MARY SKJELSET**
*Retained*
503 229-1819(W)

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| Date | | Served | Returned |
|---|---|---|---|
| 03/20/2023 | **Complaint** | | |
| | *Damages. NOT SUBJECT TO MANDATORY ARBITRATION* | | |
| | Created: 03/28/2023 1:56 PM | | |
| 03/20/2023 | **Service** | | |
| | The Oregon Department of Human Services | 05/01/2023 | 05/08/2023 |
| | Created: 03/28/2023 1:56 PM | | |
| 03/20/2023 | **Service** | | |
| | Kneeland, Angela | 04/23/2023 | 05/05/2023 |
| | Rushford, Reigna | 05/04/2023 | 05/08/2023 |
| | Irish, Rhonda | 05/01/2023 | 05/08/2023 |
| | Youngflesh, Amy | 04/27/2023 | 05/04/2023 |
| | Created: 04/19/2023 9:52 AM | | |
| 03/27/2023 | **Letter** | | |
| | *Relation Back Date* | | |
| | Created: 03/28/2023 1:56 PM | | |
| 05/04/2023 | **Proof - Service** | | |
| | Created: 05/05/2023 10:02 AM | | |
| 05/05/2023 | **Proof - Service** | | |
| | Created: 05/05/2023 10:24 AM | | |
| 05/08/2023 | **Proof - Service** | | |
| | Created: 05/08/2023 10:26 AM | | |
| 05/08/2023 | **Proof of Service - Substitute** | | |
| | Created: 05/08/2023 11:08 AM | | |
| 05/08/2023 | **Proof of Service - Substitute** | | |
| | Created: 05/08/2023 11:08 AM | | |

3/20/2023        ~~3/27/2023 2:50 PM~~
                 23CV13009

1

2

3

4

5              IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                   FOR THE COUNTY OF MULTNOMAH

7

8

| | |
|---|---|
| The Estate of MATTHEW REYNOLDS | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (Civil Rights Violations; Wrongful Death; Intentional Infliction of Emotional Distress) |
| THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; ANGELA KNEELAND, in her individual capacity; REIGNA RUSHFORD, in her individual capacity; RHONDA IRISH, in her individual capacity; AMY YOUNGFLESH, in her individual capacity; and JANE and JOHN DOES 1-5; in their individual and/or official capacities | JURY TRIAL REQUESTED |
| | Not Subject to Mandatory Arbitration |
| | Filing Fee: ORS 21.160(1)(d) – $884 |
| | Amount Prayed For: $7,500,000 |
| Defendants. | |

19     Plaintiff alleges that at times relevant and material:

20                         * * *

21                       **PARTIES**

22     **Plaintiff**

23     1.     Plaintiff Kelsey Conger was duly appointed as the Personal Representative of the

24  Estate of Matthew Reynolds by the Multnomah County Circuit Court Probate Department on

25  October 12, 2021. *See* 10/21/23 Limited Judgment, MCC Case No. 21PB08616.

26     2.     Decedent Matthew Reynolds (hereafter "Matthew") was a 14-year-old male child.

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1    He died in state custody on March 18, 2021.

2    **Defendants**

3    3.    Defendant Angela Kneeland was employed as a DHS Permanency Supervisor

4    assigned to Matthew's child welfare case. Kneeland oversaw and directed subordinate employees.

5    Kneeland had a duty to protect the safety and health of Matthew.

6    4.    Defendant Reigna Rushford was employed as a DHS Certifier. Rushford certified

7    the C.G. foster home at which Matthew perished. Rushford had a duty to protect the safety and

8    health of Matthew.

9    5.    Defendant Rhonda Irish was employed as a DHS Certification Supervisor. Irish

10    oversaw and directed Rushford's C.G. certification work. Irish had a duty to protect the safety and

11    health of Matthew.

12    6.    Defendant Amy Youngflesh was employed as a DHS Child Welfare Manager who

13    oversaw and directed defendants Kneeland, Rushford and Irish. Youngflesh performed work on

14    behalf of DHS in multiple political subdivisions of the state of Oregon, including her dedicated

15    workspace and/or home office facility located in Multnomah County. Youngflesh had the duty to

16    protect the safety and health of Matthew.

17    7.    Defendant, the Oregon Department of Human Services ("DHS"), was responsible

18    for the delivery and administration of federal and state programs relating to the provision of foster

19    care services throughout the state of Oregon. DHS had the duty to protect the safety and health of

20    Matthew.

21    8.    DHS is liable under *respondeat superior* and/or through the Oregon Tort Claims

22    Act ("OTCA") for each alleged act and omission of all individual Defendants.

23    9.    Defendants Jane or John Does 1-5 include assistance programs, agents, attorneys,

24    caseworkers, caseworker-supervisors, certifiers, certification supervisors, child protective services

25    workers, directors, entities, officers, managers, medical providers, and other persons who abetted,

26    aided, or engaged in constitutional deprivations, statutory violations and/or torts. Their true

PAGE 2 – COMPLAINT



RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1  identities and the nature of their involvement remain unknown to Plaintiff, but will only become

2  known as formal discovery progresses.

3      10.    All individual Defendants and Does acted in the course of their respective agency,

4  employment and partnership relationships with DHS and they are jointly and severally liable.

5                                    * * *

6                        **COMMON FACTUAL ALLEGATIONS**

7      11.    As *parens patriae*, Oregon has the power to involuntarily remove children from

8  their caregivers and to place them into state-sponsored foster care.

9      12.    The act of removal from a parent is often traumatic to the child, particularly where

10  there is a strong parent-child bond.

11      13.    Upon removal, children are rendered vulnerable and wholly dependent on Oregon

12  to protect their safety and health, and meet their medical needs.

13      14.    Under the Adoption Assistance and Child Welfare Act of 1980 ("AACWA"),

14  Oregon received federal reimbursement for foster care maintenance payments made on behalf of

15  eligible children in consideration for an approved plan for foster care and adoption assistance in

16  effect in all political subdivisions of the state. *See* 42 USC § 672(a)(1),(2),(3),(10),(16); *see also*

17  42 U.S.C. § 675(1)(A).

18      15.    Under the AACWA, Oregon was required to implement standards to protect the

19  safety and health of foster children taken into its custody, and provide appropriate medical care for

20  such children with special needs. *See* 42 U.S.C. § 671(a)(21).

21      16.    DHS was the state authority responsible to establish and maintain licensing

22  standards for foster parents, including the protection of the foster child's civil rights. *See* 42 USC

23  §671(a)(10).

24      17.    DHS promulgated licensing standards for the certification of individuals applying

25  to receive a Certificate of Approval to operate and maintain a foster home in Oregon.

26      18.    All such individuals were required to possess and demonstrate certain abilities,

PAGE 3 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1    including *inter alia* (i) sound judgment, responsibility, stability and emotional maturity; (ii) the

2    ability to manage their home and personal life; (iii) the ability to maintain conditions in the home

3    that provide for the safety, health and wellbeing of the child; (iv) adequate financial resources to

4    support the household independent of foster care payments; (v) the physical and mental capacity

5    to safely parent and provide appropriate medical care for a child; and (vi) a willingness to provide

6    protected health information and/or participate in an expert evaluation. *See* OAR 413-200-0308.

7         19.    DHS knew that heightened scrutiny of foster care applicants and providers was

8    necessary to protect child safety.

9         20.    DHS has been repeatedly sued in federal and state courts for its failure to properly

10   certify and train applicants and monitor its foster care providers, failure to ensure proper medical

11   care, and failure to protect child safety. DHS has paid significant sums to resolve such cases out

12   of court or in consequence of jury verdicts.

13        21.    *Wyatt B. et al v. Brown et al*, Case No. 6:19-cv-00556-AA placed DHS on notice

14   that the failure to properly administer and manage medications for a child suffering with a

15   congenital heart defect was potentially life threatening and that it was necessary to develop an

16   appropriate protocol to ensure proper oversight of such medications.

17        22.    DHS has been audited by federal and state bodies identifying myriad errors and

18   omissions relating to the administration and handling of its foster care program. The audits were

19   critical of DHS's chronic failure to properly certify foster care providers and properly monitor

20   child safety and health.

21        23.    The Oregon Secretary of State's June 2019 Recommendation Follow-up Report to

22   the 2018 audit ("the RFR") found that "[t]he ongoing lack of appropriate foster placements in

23   Oregon is a serious risk to the safety and wellbeing of children in the foster system." The RFR also

24   stressed the need "to provide more appropriate placement settings for children with significant

25   needs . . . and expand support for children with intensive medical needs to stay in their family

26   homes."

PAGE 4 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

24.     The audits highlighted DHS's culture of blame and failure to accept responsibility for its actions.

25.     Matthew was born on July 5, 2006.

26.     At birth, Matthew was diagnosed with a congenital heart defect, which rendered him medically fragile and at increased risk of sudden cardiac events.

27.      Matthew grew up in the care of his mother ("Mother"). Matthew lived with Mother and his younger brother in a rented trailer. Matthew and Mother had a strong and loving bond. Matthew's younger brother idolized him. Despite impoverished circumstances and other challenges, the family stayed extremely close. Matthew felt safe in his home and looked to his family for emotional stability and protection.

28.     Throughout his life, Mother had attended to Matthew's multiple medical procedures and interventions.

29.     In his first year of life, Matthew had two surgical procedures designed to create functional systemic circulation to move blood between his heart and lungs. At age two, Matthew underwent a modified Fontan procedure, which connected the superior vena cava to the left pulmonary artery and the inferior vena cava to the right pulmonary artery. Matthew recovered from these surgical procedures.

30.     In 2010, Matthew underwent a surgical procedure to implant a pacemaker device in his chest and abdomen to control the heartbeat, and doctors implanted cardiac defibrillator in his stomach to detect and control for irregular heartbeat or arrhythmias. Matthew tolerated these surgical procedures as well.

31.     The positioning of these implants in Matthew's body required Mother or other first responders to administer cardio-pulmonary resuscitation ("CPR") more carefully in the event of a sudden cardiac event to avoid placing automated external defibrillator electrodes or paddles close to or directly over the implants.

32.     Mother understood this enhanced CPR technique. When Matthew experienced

PAGE 5 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1    sudden cardiac events at age four and at age fourteen, Mother performed CPR and successfully

2    resuscitated Matthew. Mother carried an information card on her person to inform other first

3    responders about the CPR technique.

4        33.    DHS removed Matthew from his home and family in approximately 2014.

5        34.    DHS shuffled Matthew between numerous Give Us This Day foster placements

6    located in and around Portland, eventually landing (at eight years of age) in a residential treatment

7    facility. DHS knew and/or should have known that such placements were notorious for failing to

8    provide food and clean bedding, tolerated mold and rodents and allowed staff and others to exert

9    improper force on the resident children.

10       35.    Matthew struggled emotionally from being institutionalized. Alone without his

11   family around him, Matthew experienced severe mental and emotional distress in the Give Us This

12   Day placements and attempted suicide at the residential facility in 2015.

13       36.    Mother assisted Matthew to recover physically and emotionally from this

14   experience and regained custody in July 2015. Both Matthew and Mother remained fearful of

15   DHS.

16       37.    In September 2020, Matthew was evaluated at Seattle Children's Hospital for a

17   potential heart transplant. Matthew's placement on the heart transplant list was deferred for a

18   period of up to six months to address his complex medical needs, which included dental work,

19   immunizations, medication dose management, weight/nutrition management, consistency in

20   communications and logistics and planning.

21       38.    DHS pursued Mother's cooperative services agreement, claiming that it would

22   assist Mother's handling of Matthew's complex medical needs and improve his chance for

23   placement on the heart transplant list.

24       39.    In early December 2020, unbeknownst to Mother and Matthew, DHS sought

25   custody of Matthew.

26       40.    Matthew remained with his Mother, but DHS gained the authority and assumed the

PAGE 6 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1  responsibility to care for Matthew's complex medical and mental health needs. *See* ORS

2  419B.376; OAR 413-101-0000(32).

3      41.    DHS used its powers to obtain access to Matthew's protected health information

4  and communicate directly with his medical providers, including his treating cardiologist located

5  in Portland.

6      42.    DHS excluded Mother from these communications. DHS biased the medical

7  providers against Mother to lay the foundation to again remove Matthew from Mother.

8      43.    By approximately February 2021, DHS had all but excluded Mother from

9  Matthew's care coordination team communications. DHS also excluded Mother's and Matthew's

10  court appointed attorneys from these communications.

11      44.    DHS knew and/or was on notice that if Matthew were removed from Mother, the

12  substitute placement would require expertise to manage his complex medical and mental health

13  needs and protect his safety and well-being.

14      45.    DHS was cautioned that any such placement would require adequate education

15  and/or experience to handle Matthew's daily regimen of medications and care needs, manage his

16  appointments and transportation, and recognize changes in Matthew's symptoms that may signal

17  problems.

18      46.    DHS knew and/or was on notice that removing Matthew from Mother's care posed

19  an increased risk of severe emotional distress, which further increased the risk of a sudden cardiac

20  event.

21      47.    DHS knew and/or should have known that, if Matthew were removed from Mother,

22  it was important to safeguard both Matthew's and Mother's emotional condition, and ensure that

23  the substitute placement was capable of performing enhanced CPR in the event of a sudden cardiac

24  event.

25      48.    In pursuit of removing Matthew, DHS hastily sought instead to certify a relative

26  substitute placement, C.G., on a so-called "emergency" basis.

PAGE 7 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

49.    DHS knew and/or should have known that C.G. had significant mental health issues likely to impact her ability to meet Matthew's complex medical and mental health needs, particularly in a state of emergency; and that she was in a dire financial situation and in the process of filing for personal bankruptcy.

50.    DHS knew and/or should have known that C.G. had no children and no parenting experience, much less experience parenting a medically fragile child; that she resided in a tiny, upstairs, one-bedroom efficiency, which was distant from Matthew's Portland medical specialists; and that she only used a bicycle and did not own a car to transport Matthew to and from his multiple medical appointments.

51.    DHS knew and/or should have known that C.G. did not demonstrate a history of basic medical training, much less experience in handling medical devices and equipment pertinent to Matthew's medical condition. On information and belief, C.G. was not trained or certified to provide CPR in the event of Matthew's sudden cardiac event.

52.    DHS rushed its "emergency" certification of C.G. in order to effectuate its removal of Matthew absent a planful transition.

53.    DHS received C.G.'s application for certification on March 1, 2021.

54.    DHS quickly issued C.G. a Certificate of Approval to operate a foster home on March 3, 2021, when it knew and/or should have known the C.G. did not meet the certification standards and that she was unfit to safely parent Matthew and manage his complex medical and mental health needs.

55.    On or about March 10, 2021, DHS sought to "emergently" remove Matthew from his home and family.

56.    In seeking to remove Matthew, DHS denied Matthew his right to attend the juvenile court proceeding, to speak directly to the judge, and to be involved in making decisions that directly affected his right to consent to medical care and services. DHS also denied Matthew the right to participate in his case plan and in any transition plan involving the substitute placement.

PAGE 8 – COMPLAINT



1   *See* OAR 413-010-0180(1),(2).

2   57.    In connection with the removal process, DHS downplayed its knowledge of

3   Matthew's complex medical and mental health needs, and claimed that the provision enhanced

4   medical care was not necessary.

5   58.    On or about March 11, 2021, DHS involuntarily removed Matthew from his home

6   and family and placed him into the C.G. non-medical foster home.

7   59.    C.G. was an agent and/or employee of DHS and DHS controlled and/or had the

8   right to control C.G.

9   60.    Matthew was in a special relationship with the state of Oregon and Defendants' acts

10  and conduct posed a state-created danger.

11  61.    At the time of the C.G. placement, DHS knew and/or should have known that C.G.

12  lacked adequate information and training on Matthew's daily medication regimen, including

13  information regarding the purpose of the medications, the dosage and the effective method of

14  administration.

15  62.    DHS knew and/or should have known that C.G. was biased against Mother; she

16  rebuffed Mother's efforts to communicate information concerning Matthew's complex medical

17  and mental health needs, including the details of his daily medication regimen and the enhanced

18  CPR technique.

19  63.    DHS knew and/or should have known that C.G. acted to limit and impede

20  Matthew's ability to communicate with his family.

21  64.    C.G.'s bias and failures to communicate increased Matthew's sense of fear and

22  isolation from his family and his risk of a sudden cardiac event.

23  65.    On March 17, 2021, DHS had arranged for a supervised in-person visit between

24  Matthew and his family. This was Matthew's first family visit since his emergent removal. And it

25  would be the last.

26  66.    At the visit, DHS learned that C.G. was not properly administering Matthew's

PAGE 9 – COMPLAINT

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1  medications. Instead, C.G. mistakenly assumed that Matthew was responsible to self-administer

2  his own daily medications. Mother reiterated to DHS (in real time) that Matthew required personal

3  supervision and oversight to ensure that he took his daily medication regimen as prescribed.

4      67.     DHS failed to act on this knowledge and Mother's warning. DHS failed to properly

5  instruct C.G. that it was her responsibility to ensure that Matthew actually took his medications.

6  Further, DHS failed to have Matthew evaluated by a medical provider to assess whether the lack

7  of receiving medication had negatively impacted his health condition, and otherwise evaluate the

8  status of the medication in his system.

9      68.     Later that day, DHS and C.G. caused Matthew to miss an in-person cardiac

10  rehabilitation appointment scheduled for March 17, 2021.

11      69.     The next morning, March 18, 2021, Matthew collapsed to the ground outside the

12  C.G. non-medical foster home during a sudden cardiac event.

13      70.     Consistent with her own compromised mental health condition and lack of medical

14  training, C.G. panicked.

15      71.     Consistent with her lack of CPR training and experience, C.G. failed to immediately

16  and properly perform CPR. After a time, 9-1-1 arrived at the scene. The first responders' attempt

17  to resuscitate Matthew failed.

18      72.     Matthew was pronounced dead at 11:07 a.m. on March 18, 2021.

19      73.     DHS refused Mother's requests to know where Matthew's body lay.

20      74.     DHS sought a homicide investigation against Mother.

21      75.     In the meantime, DHS took possession of Matthew's medications and cell phone

22  and failed to return this personal property to Mother or provide the property to law enforcement.

23      76.     DHS and other involved multidisciplinary team members engaged in numerous

24  communications with Mother's court appointed attorney and Mother's legal representatives in

25  Portland regarding the whereabouts of Matthew's personal property, the blood samples that were

26  withdrawn from Matthew's body following his death, and the conduct of an autopsy.



77.     The communications between the parties pertained to preservation of evidence and other investigative matters and DHS's failure to request and/or conduct an autopsy.

* * *

**CLAIMS FOR RELIEF**

**I.    CIVIL RIGHTS CLAIMS**

**FIRST CLAIM FOR RELIEF:  42 USC §1983 - Deprivation of Civil Rights**

**(Defendant Kneeland and Does)**

78.     Plaintiff incorporates all prior paragraphs as though fully realleged.

79.     42 USC §1983 provides in relevant part that every person who under color of any statute, ordinance, regulation, custom, or usage, subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress.

80.     Matthew had an established constitutional right to safe foster care, social work supervision and adequate medical care, and the right to participate in decisions concerning his need for life-saving treatment.

81.     Kneeland acted with deliberate indifference to Matthew's recognized liberty interests and rights as follows:

      a)  Approving, acquiescing in and/or encouraging Matthew's exclusion and Mother's exclusion from communications with the care coordination team;

      b)  Approving, acquiescing in and/or encouraging the failure to notify and involve Matthew and his attorney in the case plan;

      c)  Approving, acquiescing in and/or encouraging the failure to notify and involve Matthew and his attorney regarding DHS's efforts to take custody of Matthew;

      d)  Approving, acquiescing in and/or encouraging the "emergency" certification of C.G.;

PAGE 11 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

e) Approving, acquiescing in and/or directing the removal of Matthew from his Mother without a plan to protect his medical and emotional health;

f) Approving, acquiescing in and/or directing the placement of Matthew in the C.G. non-medical foster home;

g) Failing to ensure that the C.G. non-medical foster home could meet Matthew's complex medical and mental health needs;

h) Failing to ensure that Matthew was given his medications as prescribed in the C.G. non-medical foster home;

i) Ignoring warnings by medical providers about the need for Matthew's placement to have training on the administration of medication and the sequalae of his condition;

j) Failing to act and/or investigate C.G.'s failure to administer Matthew's prescribed medications;

k) Failing to have Matthew seen by a medical provider to assess the heath and consequences of C.G.'s failure to have administered Matthew's medications on a daily basis; and

l) Failing to preserve Matthew's personal property, blood sample and other evidence relating to cause of death.

82.    Kneeland's conduct was a proximate cause of Matthew's emotional distress, personal injury and death.

83.    Plaintiff seeks non-economic damages in the amount of $7,5000,000.

84.    Plaintiff seeks economic damages in an amount to be proven at trial.

85.    Plaintiff seeks an award of punitive damages in the amount of $15,000,000.

86.    Plaintiff seeks reasonable attorney fees, costs, and disbursements, under 42 USC §1988.

**SECOND CLAIM FOR RELIEF:  42 USC §1983 - Deprivation of Civil Rights**

PAGE 12 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1          **(Defendant Youngflesh and Does)**

2          87.      Plaintiff incorporates by reference all previous paragraphs as though fully

3    realleged.

4          88.      As District Manager, Youngflesh oversaw Kneeland and other subordinates in

5    connection with DHS's provision of child welfare services to Matthew, his removal and ultimate

6    placement in the C.G. home. Youngflesh also supervised Rushford and Irish in connection with

7    the rushed certification of C.G.'s foster home.

8          89.      Youngflesh acquiesced in, approved and/or participated in all Defendants'

9    collective failure to protect Matthew's safety, medical and mental health.

10         90.      Youngflesh acted with deliberate indifference to Matthew's recognized liberty

11   interests and rights in one or more of the following ways:

12         a)   Approving, acquiescing in and/or encouraging exclusion of both Matthew and

13              Mother from communications with the care coordination team;

14         b)   Approving, acquiescing in and/or encouraging the failure to notify and involve

15              Matthew and his attorney in the case plan;

16         c)   Approving, acquiescing in and/or encouraging the failure to notify and involve

17              Matthew and his attorney regarding DHS's efforts to take custody of Matthew;

18         d)   Approving, acquiescing in and/or encouraging the "emergency" certification of

19              C.G.;

20         e)   Approving, acquiescing in and/or directing the removal of Matthew from his

21              Mother without a plan to protect his medical and emotional health;

22         f)   Approving, acquiescing in and/or directing the placement of Matthew in the C.G

23              .non-medical foster home;

24         g)   Failing to ensure that the C.G. non-medical foster home could meet Matthew's

25              complex medical and mental health needs;

26         h)   Failing to ensure that Matthew was given his medications on a daily basis in the

PAGE 13 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

C.G. non-medical foster home;

    i)    Ignoring warnings by medical providers about the need for Matthew's placement to have training on the administration of medication and the sequalae of his condition;

    j)    Failing to act and/or investigate C.G.'s failure to administer Matthew's daily medications as prescribed;

    k)    Failing to have Matthew seen by a medical provider to assess the heath and consequences of C.G.'s failure to have administered Matthew's daily medications;

    l)    Failing to preserve Matthew's personal property, blood sample and other evidence relating to cause of death; and

    m)    Acquiescing in and/or approving taking possession of and/or failing to preserve Matthew's personal property, blood sample and other evidence relating to cause of death.

91.    Youngflesh's conduct was a proximate cause of Matthew's emotional distress, personal injury and death.

92.    Plaintiff seeks non-economic damages in the amount of $7,500,000.

93.    Plaintiff seeks economic damages in an amount to be proven at trial.

94.    Plaintiff seeks an award of punitive damages in the amount of $15,000,000.

95.    Plaintiff seeks reasonable attorney fees, costs, and disbursements, under 42 USC §1988.

**THIRD CLAIM FOR RELIEF:  42 USC §1983 - Deprivation of Civil Rights**

**(Defendant Rushford and Does)**

96.    Plaintiff incorporates all previous paragraphs as though fully realleged.

97.    Defendant Rushford acted with deliberate indifference to Matthew's recognized liberty interests and rights in one or more of the following ways:

    a)    Failing to properly determine and/or recognize C.G.'s lack of fitness;

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1    b)  Recommending that C.G. be certified to operate a non-medical foster home for a
2        child who she knew and/or suspected was medically fragile;

3    c)  Approving in and/or placing Matthew in the C.G. non-medical foster home;

4    d)  Failing to ensure that C.G. was properly trained to manage Matthew's complex
5        medical and mental health needs, and to properly perform CPR; and

6    e)  Failing to ensure that C.G. had the medical training and equipment necessary to
7        meet Matthew's complex medical and mental health needs.

8    98.  Rushford's conduct was a proximate cause of Matthew's emotional distress,
9    personal injury and death.

10   99.  Plaintiff seeks non-economic damages in the amount of $7,500,000.

11   100. Plaintiff seeks economic damages in an amount to be proven at trial.

12   101. Plaintiff seeks an award of punitive damages in the amount of $15,000,000.

13   102. Plaintiff seeks her reasonable attorney fees, costs, and disbursements, under 42
14   USC §1988.

15   **FOURTH CLAIM FOR RELIEF:  42 USC §1983 - Deprivation of Civil Rights**
16                    **(Defendant Irish and Does)**

17   103. Plaintiff incorporates all previous paragraphs as though fully realleged.

18   104. As the certification supervisor, Irish had a duty to protect Matthew's safety.

19   105. On or about March 1-3, 2021, Irish knew and/or became aware of concerns that
20   C.G. did not meet certification standards and did not have the medical qualifications necessary to
21   meet Matthew's needs.

22   106. Nonetheless, Irish approved the COA authorizing C.G. to operate a foster home and
23   placed and/or acquiesced in the placement of Matthew into that home on or about March 11, 2021.
24   Irish then approved and verified Rushford's SAFE Study of C.G. on or about March 15, 2021.

25   107. Irish knew and/or was aware that Matthew's condition could be life-threatening
26   absent appropriate care and interventions, and that it was medically necessary that C.G. properly


RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1    administer Matthew's multiple medications.

2        108.    On information and belief, Irish became aware that there were concerns that C.G.

3    was not appropriately administering Matthew's medication, could not get him to his necessary

4    medical appointments and was relying on an individual with significant child abuse history to

5    provide care. Despite this, Irish allowed Matthew to remain in the home.

6        109.    Defendant Irish acted with deliberate indifference to Matthew's recognized liberty

7    interests and rights in one or more of the following ways:

8        a)    Failing to properly train Rushford regarding certification requirements;

9        b)    Failing to properly supervise Rushford regarding certification requirements;

10       c)    Approving and/or acquiescing in C.G.'s certification;

11       d)    Approving and/or acquiescing in the placement of Matthew into the C.G. non-
12             medical foster home;

13       e)    Approving and/or acquiescing in the placement of Matthew into the C.G. foster
14             home knowing that C.G. did not have the medical training, experience or equipment
15             necessary to meet his extreme medical needs;

16       f)    Failing to ensure that Matthew was safe in C.G. foster home; and

17       g)    Failing to ensure that C.G. had the medical training and equipment necessary to
18             meet Matthew's knowingly medical needs, which she knew or should have known
19             were extreme and life-threatening.

20       110.    Irish's conduct was a proximate cause of Matthew's emotional distress, personal

21   injury and death.

22       111.    Plaintiff seeks non-economic damages in the amount of $7,500,000.

23       112.    Plaintiff seeks economic damages in an amount to be proven at trial.

24       113.    Plaintiff seeks an award of punitive damages in the amount of $15,000,000.

25   Plaintiff seeks her reasonable attorney fees, costs, and disbursements, under 42 USC §1988.

26                              **II.    STATE CLAIMS**

PAGE 16 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

**FIFTH CLAIM FOR RELIEF:  Negligence – Wrongful Death**

**(Defendant DHS)**

114.    Plaintiff incorporates by reference all prior paragraphs as though fully realleged.

115.    DHS knew and/or should have known that Matthew was both a medically fragile child and an emotionally fragile child, with a history of serious congenital heart defect and self-harm.

116.    DHS knew and/or should have known that Matthew and Mother had a strong and loving bond, and that Matthew's peculiar susceptibility to emotional distress and fearfulness of DHS required a planful, trauma informed approach to manner of removal.

117.    DHS knew and/or should have known that the failure to properly administer and manage Matthew's medications was potentially life threatening and that it was necessary to develop an appropriate protocol to ensure proper oversight of such medications.

118.    DHS knew and/or should have known that Matthew's extreme medical needs required a substitute placement with the ability to provide the level of care and supervision necessary to ensure that such needs were properly met, both to maximize Matthew's potential to be placed on the heart transplant list and also to protect his safety and health.

119.    DHS knew and/or should have known that C.G. did not meet the licensing standards, that she was unfit to safely parent Matthew, and/or that she lacked the requisite capacity, skill and experience to properly meet Matthew's complex medical needs.

120.    DHS knew and/or should have known that C.G.'s adversity toward Mother impaired Mother's ability to communicate important information to C.G. about Matthew's health habits, including his daily medication regimen and the enhanced CPR technique in light of Matthew's implants.

121.    DHS knew and/or should have known – shortly prior to Matthew's death – that C.G. failed to properly supervise his daily medication regimen and missed one in-person cardiac rehabilitation appointment, and that C.G. was not trained or equipped to administer appropriate

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1  CPR is the event of a sudden cardiac event, all of which unreasonably increased his risk of injury

2  and death.

3      122.    DHS was negligent in one or more of the following particulars:

4      a)  Failing to provide Mother the enhanced cooperative services necessary to meet

5          Matthew's complex medical needs and remain in his home;

6      b)  Failing to properly inform and communicate with Mother and Matthew regarding

7          the status of Matthew's case plan;

8      c)  Failing to timely inform Matthew about juvenile court proceedings;

9      d)  Failing to allow Matthew to appear before the juvenile court and state where he

10         wanted to live and where he felt safe;

11     e)  Obtaining protective custody without Mother's and Matthew's knowledge and

12         involvement;

13     f)  Excluding Mother and Matthew from communications, discussions and meetings

14         with his care coordination team;

15     g)  Biasing and prejudicing care team members against Mother to lay the foundation

16         for Matthew's removal from his home and family;

17     h)  Failing to provide Mother the level of enhanced cooperative services necessary to

18         meet Matthew's complex medical needs and remain in his home;

19     i)  Recruiting C.G. to act as a substitute placement for Matthew, a medically fragile

20         child;

21     j)  Certifying C.G. to serve as a substitute placement for Matthew;

22     k)  Removing Matthew from his home and family in his then present medically fragile

23         condition;

24     l)  Placing Matthew in the non-medical C.G. foster home, which it knew and/or should

25         have known could not meet his significant medical needs;

26     m) Failing to enact a protocol to ensure proper oversight and administration of

PAGE 18 – COMPLAINT

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1         Matthew's necessary medication; and

2     n) Failing to address the anticipated and extreme emotional distress Matthew

3         experienced upon removal from his home of origin in his fragile medical condition.

4   123.   DHS's negligence was a substantial factor in the cause of Matthew's emotional

5 distress, personal injury, and death.

6          **SIXTH CLAIM FOR RELIEF: Negligence *per se* – Wrongful Death**

7                      **(Defendant DHS)**

8   124.   Plaintiff incorporates by reference all prior paragraphs as though fully realleged.

9   125.   DHS was negligent *per se* in one or more of the following particulars:

10     a) Certifying C.G. in violation of OAR 413-200-0308;

11     b) Failing to place Matthew in an environment that could appropriately meet his needs,

12         in violation of OAR 413-010-0180(1)(a);

13     c) Failing to provide Matthew appropriate care and supervision, in violation of OAR

14         413-010-0180(1)(c);

15     d) Failing to provide Matthew with necessary medical and mental health care and

16         treatment, in violation of OAR 413-010-0180(1)(d);

17     e) Failing to ensure appropriate visitation with Matthew's family, in violation of OAR

18         413-010-0180(1)(k);

19     f) Failing to monitor the C.G. home, and/or appropriately make and document

20         contacts, in violation of OAR 413-080-0059.

21   126.   DHS's negligence *per se* was a substantial factor in the cause of Plaintiff's

22 emotional distress, personal injury and death.

23       **SEVENTH CLAIM FOR RELIEF: Reckless Negligence – Wrongful Death**

24                      **(Defendant DHS)**

25   127.   Plaintiff incorporates by reference all prior paragraphs as though fully realleged.

26   128.   DHS acted with reckless negligence in one or more of the following particulars:

PAGE 19 – COMPLAINT

a) Placing Matthew in the non-medical C.G. foster home, which it knew and/or should have known could not meet his significant medical needs;

b) Failing to ensure that C.G. was properly trained to administer Matthew's daily medication regimen; and

c) Failing to promptly act on the knowledge that C.G. was failing to properly administer Matthew's daily medication regimen and missed Matthew's in-person cardiac rehabilitation appointment, which increased his risk of injury and death.

129. DHS's recklessness was a substantial factor in the cause of Plaintiff's emotional distress, personal injury and death.

**EIGHTH CLAIM FOR RELIEF:  Intentional Infliction of Emotional Distress –**

**Survivorship Action**

**(Defendant DHS)**

130. Plaintiff incorporates by reference all prior paragraphs as though fully realleged.

131. DHS was in a special relationship with Matthew. DHS engaged in reckless and/or intentional acts and conduct designed to inflict severe emotional distress and grief on Matthew; and/or DHS knew and/or should have known that that its acts and conduct were likely to cause Matthew to suffer severe emotional distress and grief.

132. DHS's acts and conduct in excluding Matthew and Mother from his care plan, excluding Matthew from juvenile court proceedings, which he had a right to appear and be heard, removing Matthew from his home and family in an abrupt and hastily arranged manner, and placing him in a non-medical foster home with a medically untrained foster parent who was at odds with Mother and who disregarded Mother's attempts to communicate important information resulted in Matthew experiencing a cardiac emergency and death apart from the woman whom he loved most and provided him with lifesaving care.

133. DHS engaged in an extraordinary transgression of the bounds of socially tolerable conduct.

PAGE 20 – COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1          * * *

2                                              **PRAYER**

3          Plaintiff prays for judgment and relief in her favor and against defendants as follows:

4          1.      On the First Claim for Relief: **42 USC §1983 – Deprivation of Civil Rights,**

5    against Defendant Kneeland and Does, Personal Representative seeks non-economic damages in

6    the amount of $7,500,000, economic damages in an amount to be proven at the time of trial, and

7    reasonable attorney fees, costs and disbursements, and punitive damages in the amount of

8    $15,000,000.

9          2.      On the Second Claim for Relief: **42 USC §1983 – Deprivation of Civil Rights,**

10   against Defendant Youngflesh and Does, Plaintiff seeks non-economic damages in the amount of

11   $7,500,000, economic damages in an amount to be proven at the time of trial, and reasonable

12   attorney fees, costs and disbursements, and punitive damages in the amount of $15,000,000.

13         3.      On the Third Claim for Relief: **42 USC §1983 – Deprivation of Civil Rights,**

14   asserted against Defendant Rushford and Does, Plaintiff seeks non-economic damages in the

15   amount of $7,500,000, economic damages in an amount to be proven at the time of trial, and

16   reasonable attorney fees, costs and disbursements, and punitive damages in the amount of

17   $15,000,000.

18         4.      On the Fourth Claim for Relief: **42 USC §1983 – Deprivation of Civil Rights,**

19   asserted against Defendant Irish and Does, Plaintiff seeks non-economic damages in the amount

20   of $7,500,000, economic damages in an amount to be proven at the time of trial, and attorney fees,

21   costs and disbursements, and punitive damages in the amount of $15,000,000.

22   **State Claims:**

23         5.      On the Fifth Claim for Relief: **Wrongful Death – Negligence**, asserted against

24   Defendant DHS, Plaintiff seeks non-economic damages in the amount of $7,500,000, economic

25   damages in an amount to be proven at the time of trial, and costs and disbursements.

26         6.      On the Sixth Claim for Relief: **Wrongful Death – Negligence *per se***, asserted

PAGE 21 – COMPLAINT

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1   against Defendant DHS, Plaintiff seeks non-economic damages in the amount of $7,500,000,

2   economic damages in an amount to be proven at the time of trial, and costs and disbursements.

3       7.      On the Sixth Claim for Relief: **Wrongful Death – Reckless Negligence**, asserted

4   against Defendant DHS, Plaintiff seeks non-economic damages in the amount of $7,500,000,

5   economic damages in an amount to be proven at the time of trial, and costs and disbursements.

6       8.      On the Sixth Claim for Relief: **Intentional Infliction of Emotional Distress –**

7   **Survivorship Action**, asserted against Defendant DHS, Plaintiff seeks non-economic damages in

8   the amount of $7,500,000, economic damages in an amount to be proven at the time of trial, and

9   costs and disbursements.

10      Plaintiff seeks further necessary or proper relief as the Court may deem equitable and just.

11      Dated: March 20, 2023

12                                  RIZZO BOSWORTH ERAUT PC

13

14                          By:  _/s/Steven Rizzo_____

15                              Steven Rizzo OSB No. 840853
                                Mary D. Skjelset OSB No. 075840

16                              Rizzo Bosworth Eraut PC
                                1300 SW Sixth Avenue, Suite 330

17                              Portland, OR 97201
                                Tel: (503) 229-1819

18                              Fax: (503) 229-0630
                                ATTORNEYS FOR PLAINTIFF

19

20

21

22

23

24

25

26

PAGE 22 – COMPLAINT



3/27/2023 2:50 PM
23CV13009

# RIZZO | BOSWORTH | ERAUT PC



Steven Rizzo
srizzo@rizzopc.com

California | Oregon | Washington | Idaho

March 27, 2023

Multnomah County Circuit Court Clerk's Office
1200 SW First Avenue
Portland, OR 97204

Re:    RESUBMISSION OF REJECTED FILING, RELATION-BACK OF FILING
       REQUESTED re *The Estate of Matthew Reynolds v. ODHS,* Envelope #9417519

Dear Clerk,

Pursuant to UTCR 21.080(5), I am writing on behalf of the plaintiff, The Estate of Matthew Reynolds ("the Estate"), to request that the resubmitted Complaint relate back to the date it was originally filed.

Plaintiff's Complaint was filed electronically on Monday, March 20, 2023 in Envelope #9417519.

That filing was rejected the following day, Tuesday, March 21, 2023. The "Filing Returned" email indicates Envelope Number 9417519 and Case Number 9417519.

The rejection occurred because the parties entered into the system did not correctly reflect the same names of the parties listed in the Complaint and there was a lack of an appropriate filing fee. The resubmitted Complaint correctly identifies the parties and is accompanied by a $884 filing fee.

A corrected Complaint was filed electronically on Thursday, March 23, 2023 in Envelope #9429602.

That filing was rejected on Monday, March 27, 2023. The "Filing Returned" email indicates Envelope Number 9429602 and Case Number 9429602.

The rejection occurred because the parties entered into the system did not correctly reflect the same names of the parties listed in the Complaint. Jane and John Does 1-5 were not added as defendants. The resubmitted Complaint correctly identifies the parties.

I request that the date of the original filing of the Complaint relate back to March 20, 2023 in Envelope #9417519, because it is necessary to protect the statute of limitations.

Plaintiff understands that this filing will be treated as having been made within three days of the original filing for the purpose of relation-back.

March 27, 2023
Multnomah County Circuit Court Clerk's Office

Thank you for your consideration of this request.

Sincerely,

/s/*Steven Rizzo*

5/4/2023 12:51 PM
23CV13009

## PROOF OF SERVICE

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### IN AND FOR THE COUNTY OF MULTNOMAH

Case Number: 23CV13009

Plaintiff: **The Estate of MATTHEW REYNOLDS**
vs.
Defendant: **THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; ANGELA KNEELAND, in her individual capacity; REIGNA RUSHFORD, in her individual capacity; RHONDA IRISH, in her individual capacity; AMY YOUNGFLESH, in her individual capacity; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,**

Service Documents:
SUMMONS AND COMPLAINT

For:
Rizzo, Mattingly Bosworth P.C.
1300 Sw 6th Ave
Suite 330
Portland, OR 97201

Received by BARRISTER SUPPORT SERVICE, INC. on the 21st day of April, 2023 at 8:42 am to be served on **AMY YOUNGFLESH, 2441 SE SHERMAN STREET, PORTLAND, OR 97214**.

I, Bill Powers, Process Server, do hereby affirm that on the **24th day of April, 2023** at **2:09 pm, I:**

**SUBSTITUTE SERVED** by delivering a true copy of the **SUMMONS AND COMPLAINT** at **2441 SE SHERMAN STREET, PORTLAND, OR 97214** to **"JOHN DOE"**, CO-OCCUPANT, who is a person over the age of 14 years who also resides at the dwelling house or usual place of abode of the person to be served.

**CERTIFICATION OF MAILING:** I  Kadie Young certify that on **4/27/2023** a true copy of SUMMONS AND COMPLAINT and this Return of Service were mailed to AMY YOUNGFLESH to 2441 SE SHERMAN STREET, PORTLAND, OR 97214 by First Class Mail, postage paid.
X

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: WHITE, Height: 6'2", Weight: 190, Hair: SILVER, Glasses: Y

## PROOF OF SERVICE For 23CV13009

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.
I hereby declare that the above statement is true to the best of my knowledge and belief, and that it is made for use as evidence in court and is subject to penalty for perjury.

**Bill Powers, Process Server**
Process Server          4/27/2023
**Date**

BARRISTER SUPPORT SERVICE, INC.
10725 SW Barbur Blvd
Suite 202
Portland, OR 97219-6754
(503) 246-8934

Our Job Serial Number: TSB-2023001786
Ref: 2127. DHS



Barrister Support Services, Inc.
10725 SW Barbur Blvd,
Ste 202,
Portland, OR 97219

Amy Youngflesh,
2441 SE Sherman Street,
Portland, OR 97214

US POSTAGE
$ 01.08
First-Class
Mailed From 97219
04/27/2023
032A 0061 8560084

1

2

3

4

5                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                         FOR THE COUNTY OF MULTNOMAH

7

8    The Estate of MATTHEW REYNOLDS          Case No. 23CV13009

            Plaintiff,
9    v.                                      SUMMONS
     THE    OREGON    DEPARTMENT    OF
10   HUMAN SERVICES, a government agency;
     ANGELA    KNEELAND,    in   her individual
11   capacity;  REIGNA  RUSHFORD,  in  her
     individual capacity; RHONDA IRISH, in her
12   individual capacity; AMY YOUNGFLESH,
     in her individual capacity; and JANE and
13   JOHN DOES 1-5; in their individual and/or
     official capacities,
14   Defendants.

15

16   TO: Amy Youngflesh
         2441 SE Sherman St.
17       Portland, OR 97214

18

19         A lawsuit has been filed against you.

20

21         IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and

22   defend the complaint filed against you in the above-entitled cause within 30 days from the date

23   of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the

24   court for the relief demanded in the complaint.

25   //

26   //

1 – SUMMONS

1      NOTICE TO DEFENDANT:

2      READ THESE PAPERS CAREFULLY!

3          You must "appear" in this case or the other side will win automatically. To "appear" you

4      must file with the court a legal document called a "motion" or "answer." The "motion" or

5      "answer" must be given to the court clerk or administrator within 30 days along with the required

6      filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

7      plaintiff does not have an attorney, proof of service on the plaintiff.

8          If you have questions, you should see an attorney immediately. If you need help in

9      finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

10     www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-

11     free elsewhere in Oregon at 800-452-7636.

12

13         Dated: April 18, 2023.

14

15                                        RIZZO BOSWORTH ERAUT PC

16

17                                        By: _s/Mary Skjelset_____
18                                        Steven Rizzo OSB No. 840853
                                          Mary D. Skjelset OSB No. 075840
19                                        Rizzo Bosworth Eraut PC
                                          1300 SW Sixth Avenue, Suite 330
20                                        Portland, OR 97201
                                          Tel: (503) 229-1819
21                                        Fax: (503) 229-0630
                                          mskjelset@rizzopc.com
22                                        srizzo@rizzopc.com
                                          ATTORNEYS FOR PLAINTIFF
23

24

25

26

2 – SUMMONS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Avenue, Suite 330 | Portland, OR 97201
rizzopc.com

5/5/2023 6:38 AM
23CV13009

## PROOF OF SERVICE

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MULTNOMAH

Case Number: 23CV13009

Plaintiff: **The Estate of MATTHEW REYNOLDS**
vs.
Defendant: **THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; ANGELA KNEELAND, in her individual capacity; REIGNA RUSHFORD, in her individual capacity; RHONDA IRISH, in her individual capacity; AMY YOUNGFLESH, in her individual capacity; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,**

For: Rizzo, Mattingly Bosworth P.C.

Service Documents:
SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION & INSPECTION; EXHIBITS

Received by BARRISTER SUPPORT SERVICE, INC. on the 21st day of April, 2023 at 8:42 am to be served on **ANGELA KNEELAND, 75365 FERN HILL ROAD, RAINIER, OR 97048.** I, _Liz Kuyl_ _____, being duly sworn, depose and say that on the _23_ day of _April_ 20_23_ at _3:15_ pm., executed service by delivering a true copy of the **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION & INSPECTION; EXHIBITS** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person personally.

( ) SUBSTITUE SERVICE: By serving _____, a person 14 years of age or older who resides at the residence of the Defendant. CERTIFICATION OF MAILING: A Sub Service mailing was completed by mailing copy of the documents along with a statement of the date, time, and manner of service via by First Class mail postage prepaid on (date)_____

( ) OFFICE SERVICE: By serving _____ as _____, the person apparently in charge of the office in which the Defendant maintains for the conduct of business. CERTIFICATION OF MAILING: A Sub Service mailing was completed by mailing copy of the documents along with a statement of the date, time, and manner of service via by First Class mail postage prepaid on (date)_____

( ) POSTING SERVICE: Posting the documents in a secure manner to the main entrance or (closest too) in a conspicuouslocation of the premises in question. In accordance with State Statutes.

( ) TRUSTEE'S NOTICE OF SALE SERVICE:
1st Attempt: (date)_____ (time) _____ AM / PM Posted / Served (circle one): _____(person served)

2nd Attempt: (date)_____ (time) _____ AM / PM Posted / Served (circle one):_____(person served)

3rd Attempt: (date) _____(time) _____ AM /PM Posted / Served (circle one):_____(person served)
A copy of the documents along with a statement of the date, time, and manner of service was mailed by first class mail addressed to "OCCUPANTS" on (date)_____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) ALTERNATE SERVICE ADDRESS:
_____



Exhibit 2, Page 8 of 23

## PROOF OF SERVICE For 23CV13009

(  ) NON-SERVED: I was unable to effect service detailed in the comments below.

COMMENTS:_____
_____
_____
_____

I declare under penalty of perjury that I am a resident of the State of service. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**BARRISTER SUPPORT SERVICE, INC.**
**PO Box 3474**
**Salem, OR 97302**
**(503) 246-8934**

Our Job Serial Number: 2023001785
Ref: 2127. DHS

1

2

3

4

5          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                    FOR THE COUNTY OF MULTNOMAH

7

The Estate of MATTHEW REYNOLDS          Case No. 23CV13009

8                Plaintiff,

9    v.                                          SUMMONS
     THE   OREGON   DEPARTMENT   OF
10   HUMAN SERVICES, a government agency;
     ANGELA  KNEELAND,  in  her  individual
11   capacity;  REIGNA  RUSHFORD,  in  her
     individual capacity; RHONDA IRISH, in her
12   individual capacity; AMY YOUNGFLESH,
     in  her  individual  capacity;  and  JANE  and
13   JOHN DOES 1-5; in their individual and/or
     official capacities,
14   Defendants.

15

16   TO: Angela Kneeland
         75365 Fern Hill Road
17       Rainier, OR 97048

18

19          A lawsuit has been filed against you.

20

21          IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and

22   defend the complaint filed against you in the above-entitled cause within 30 days from the date

23   of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the

24   court for the relief demanded in the complaint.

25   //

26   //

1 – SUMMONS

1    NOTICE TO DEFENDANT:

2    READ THESE PAPERS CAREFULLY!

3         You must "appear" in this case or the other side will win automatically. To "appear" you

4    must file with the court a legal document called a "motion" or "answer." The "motion" or

5    "answer" must be given to the court clerk or administrator within 30 days along with the required

6    filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

7    plaintiff does not have an attorney, proof of service on the plaintiff.

8         If you have questions, you should see an attorney immediately. If you need help in

9    finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

10   www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-

11   free elsewhere in Oregon at 800-452-7636.

12

13        Dated: April 18, 2023.

14

15                                        RIZZO BOSWORTH ERAUT PC

16

17                              By: _s/Mary Skjelset_____
                                   Steven Rizzo OSB No. 840853
18                                 Mary D. Skjelset OSB No. 075840
                                   Rizzo Bosworth Eraut PC
19                                 1300 SW Sixth Avenue, Suite 330
                                   Portland, OR 97201
20                                 Tel: (503) 229-1819
                                   Fax: (503) 229-0630
21                                 mskjelset@rizzopc.com
                                   srizzo@rizzopc.com
22                                 ATTORNEYS FOR PLAINTIFF

23

24

25

26

2 – SUMMONS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

5/8/2023 8:21 AM
23CV13009

## Proof of Service

State of Oregon        County of Multnomah        Circuit Court

Case Number: 23CV13009

Plaintiff: **The Estate of MATTHEW REYNOLDS**
vs.
Defendant: **THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; ANGELA KNEELAND, in her individual capacity; REIGNA RUSHFORD, in her individual capacity; RHONDA IRISH, in her individual capacity; AMY YOUNGFLESH, in her individual capacity; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,**

For:
Rizzo, Mattingly Bosworth P.C.
1300 Sw 6th Ave
Suite 330
Portland, OR 97201

Received by Barrister Support Service on the 25th day of April, 2023 at 8:44 am to be served on **THE OREGON DEPARTMENT OF HUMAN SERVICES, 500 SUMMER STREET NE, SALEM, OR 97301**.

I, P. Bustamante, do hereby affirm that on the **1st day of May, 2023** at **11:56 am, I:**

SERVED the within named PUBLIC AGENCY by delivering a true copy of the **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND INSPECTION; EXHIBITS** to MARIA VILLA as PSR 3 of the within named agency authorized to accept service of process.

**CERTIFICATION OF MAILING:** I certify that on **5/4/2023** a true copy of SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND INSPECTION; EXHIBITS and this Return of Service was mailed to THE OREGON DEPARTMENT OF HUMAN SERVICES  at 500 SUMMER STREET NE, SALEM, OR 97301 by First Class Mail postage paid.

I declare I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding. I certify that the person, firm, or corporation served is the identical one named in this action. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

P. Bustamante
**P. Bustamante**
Process Server

5/4/2023
**Date**

**Barrister Support Service**
**P.O. Box 3474**
**Salem, OR 97302**
**(503) 246-8934**

Our Job Serial Number: TSB-2023001781
Ref: 2127. DHS



Malstrom's Process Service Co.
PO BOX 3474
Salem, OR 97302

Rhonda Irish
c/o The Department of Human Services
500 Summer St NE
Salem, O. 97301

SUB-SERVICE.COr

1

2

3

4

5                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                            FOR THE COUNTY OF MULTNOMAH

7

8    The Estate of MATTHEW REYNOLDS          Case No. 23CV13009

             Plaintiff,
9    v.                                       SUMMONS
     THE    OREGON    DEPARTMENT    OF
10   HUMAN SERVICES, a government agency;
     ANGELA KNEELAND, in her individual
11   capacity;  REIGNA  RUSHFORD,  in  her
     individual capacity; RHONDA IRISH, in her
12   individual capacity;  AMY YOUNGFLESH,
     in her individual capacity; and JANE and
13   JOHN DOES 1-5; in their individual and/or
     official capacities,
14   Defendants.

15

16   TO: The Oregon Department of Human Services
          500 Summer Street NE
17        Salem, OR 97301

18
          A lawsuit has been filed against you.
19

20
          IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and
21
     defend the complaint filed against you in the above-entitled cause within 30 days from the date
22
     of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the
23
     court for the relief demanded in the complaint.
24
     //
25
     //
26

1 – SUMMONS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1       NOTICE TO DEFENDANT:

2       READ THESE PAPERS CAREFULLY!

3       You must "appear" in this case or the other side will win automatically. To "appear" you

4 must file with the court a legal document called a "motion" or "answer." The "motion" or

5 "answer" must be given to the court clerk or administrator within 30 days along with the required

6 filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

7 plaintiff does not have an attorney, proof of service on the plaintiff.

8       If you have questions, you should see an attorney immediately. If you need help in

9 finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

10 www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-

11 free elsewhere in Oregon at 800-452-7636.

12

13      Dated: April 18, 2023.

14

15                           RIZZO BOSWORTH ERAUT PC

16

17                           By: _s/Mary Skjelset_____
                             Steven Rizzo OSB No. 840853
18                           Mary D. Skjelset OSB No. 075840
                             Rizzo Bosworth Eraut PC
19                           1300 SW Sixth Avenue, Suite 330
                             Portland, OR 97201
20                           Tel: (503) 229-1819
                             Fax: (503) 229-0630
21                           mskjelset@rizzopc.com
                             srizzo@rizzopc.com
22                           ATTORNEYS FOR PLAINTIFF

23

24

25

26

2 – SUMMONS                                    RIZZO | BOSWORTH | ERAUT PC
                                               1300 SW Sixth Ave, Suite 330  |  Portland, OR 97201
                                               rizzopc.com

5/8/2023 10:29 AM
23CV13009

## Proof of Service

State of Oregon                    County of Multnomah                    Circuit Court

Case Number: 23CV13009

Plaintiff: **The Estate of MATTHEW REYNOLDS**
vs.
Defendant: **THE OREGON DEPARTMENT OF HUMAN SERVICES, a government agency; ANGELA KNEELAND, in her individual capacity; REIGNA RUSHFORD, in her individual capacity; RHONDA IRISH, in her individual capacity; AMY YOUNGFLESH, in her individual capacity; and JANE and JOHN DOES 1-5; in their individual and/or official capacities,**

For:
Rizzo, Mattingly Bosworth P.C.
1300 Sw 6th Ave
Suite 330
Portland, OR 97201

Received by Barrister Support Service on the 25th day of April, 2023 at 8:54 am to be served on **REIGNA RUSHFORD C/O THE OREGON DEPARTMENT OF HUMAN SERVICES, 500 SUMMER STREET NE, SALEM, OR 97301**.

I, P. Bustamante, do hereby affirm that on the **1st day of May, 2023** at **11:56 am, I:**

SERVED the within named **REIGNA RUSHFORD,** who is a PUBLIC EMPLOYEE at **500 SUMMER STREET NE, SALEM, OR 97301**, by delivering a true copy of the **SUMMONS AND COMPLAINT** to MARIA VILLA, PSR 3  who is authorized to accept service of process.

**CERTIFICATION OF MAILING:** I certify that on **5/4/2023** a true copy of SUMMONS AND COMPLAINT and this Return of Service was mailed to REIGNA RUSHFORD C/O THE OREGON DEPARTMENT OF HUMAN SERVICES  at 500 SUMMER STREET NE, SALEM, OR 97301 by First Class Mail postage paid.

I declare I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding. I certify that the person, firm, or corporation served is the identical one named in this action. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_P. Bustamante_
**P. Bustamante**
Process Server        _5/4/2023_

Date

**Barrister Support Service**
**P.O. Box 3474**
**Salem, OR 97302**
**(503) 246-8934**

Our Job Serial Number: TSB-2023001783
Ref: 2127. DHS



Regina Rushford
c/o The Oregon Department of Human Services
500 Summer St NE
Salem, Or. 97301

SUB-SERVICE COPY

Malstrom's Process Service ᵒᵒ.
PO BOX 3474
Salem, OR 97302

1

2

3

4

5                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                            FOR THE COUNTY OF MULTNOMAH

7

The Estate of MATTHEW REYNOLDS                    Case No. 23CV13009
8
                    Plaintiff,
9   v.                                            SUMMONS
    THE    OREGON    DEPARTMENT    OF
10  HUMAN SERVICES, a government agency;
    ANGELA KNEELAND, in her individual
11  capacity; REIGNA RUSHFORD, in her
    individual capacity; RHONDA IRISH, in her
12  individual capacity; AMY YOUNGFLESH,
    in her individual capacity; and JANE and
13  JOHN DOES 1-5; in their individual and/or
    official capacities,
14  Defendants.

15

16  TO:  Reigna Rushford
          The Oregon Department of Human Services
17        500 Summer Street NE
          Salem, OR 97301
18

19          A lawsuit has been filed against you.

20

21          IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and

22  defend the complaint filed against you in the above-entitled cause within 30 days from the date

23  of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the

24  court for the relief demanded in the complaint.

25  //

26  //

    1 – SUMMONS

1    NOTICE TO DEFENDANT:

2    READ THESE PAPERS CAREFULLY!

3    You must "appear" in this case or the other side will win automatically. To "appear" you

4    must file with the court a legal document called a "motion" or "answer." The "motion" or

5    "answer" must be given to the court clerk or administrator within 30 days along with the required

6    filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

7    plaintiff does not have an attorney, proof of service on the plaintiff.

8    If you have questions, you should see an attorney immediately. If you need help in

9    finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

10    www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-

11    free elsewhere in Oregon at 800-452-7636.

12

13    Dated: April 18, 2023.

14

15                                    RIZZO BOSWORTH ERAUT PC

16

17                                    By: _s/Mary Skjelset_____
18                                    Steven Rizzo OSB No. 840853
                                      Mary D. Skjelset OSB No. 075840
19                                    Rizzo Bosworth Eraut PC
                                      1300 SW Sixth Avenue, Suite 330
20                                    Portland, OR 97201
                                      Tel: (503) 229-1819
21                                    Fax: (503) 229-0630
                                      mskjelset@rizzopc.com
22                                    srizzo@rizzopc.com
                                      ATTORNEYS FOR PLAINTIFF
23

24

25

26

2 – SUMMONS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

5/8/2023 10:29 AM
23CV13009

## Proof of Service

State of Oregon                                County of Multnomah                                Circuit Court

Case Number: 23CV13009

Plaintiff: **The Estate of MATTHEW REYNOLDS**
vs.
Defendant: **THE OREGON DEPARTMENT OF
HUMAN SERVICES, a government agency;
ANGELA KNEELAND, in her individual
capacity; REIGNA RUSHFORD, in her
individual capacity; RHONDA IRISH, in her
individual capacity; AMY YOUNGFLESH,
in her individual capacity; and JANE and
JOHN DOES 1-5; in their individual and/or
official capacities,**

For:
Rizzo, Mattingly Bosworth P.C.
1300 Sw 6th Ave
Suite 330
Portland, OR 97201

Received by Barrister Support Service on the 25th day of April, 2023 at 8:49 am to be served on **RHONDA IRISH C/O THE OREGON DEPARTMENT OF HUMAN SERVICES, 500 SUMMER STREET NE, SALEM, OR 97301**.

I, P. Bustamante, do hereby affirm that on the **1st day of May, 2023** at **11:56 am, I:**

SERVED the within named **RHONDA IRISH**, who is a PUBLIC EMPLOYEE at **500 SUMMER STREET NE, SALEM, OR 97301**, by delivering a true copy of the **SUMMONS AND COMPLAINT** to **MARIA VILLA, PSR 3** who is authorized to accept service of process.

**CERTIFICATION OF MAILING:** I certify that on **5/4/2023** a true copy of SUMMONS AND COMPLAINT and this Return of Service was mailed to RHONDA IRISH C/O THE OREGON DEPARTMENT OF HUMAN SERVICES at 500 SUMMER STREET NE, SALEM, OR 97301 by First Class Mail postage paid.

I declare I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding. I certify that the person, firm, or corporation served is the identical one named in this action. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

P. Bustamante

P. Bustamante
Process Server

5/4/2023

Date

**Barrister Support Service
P.O. Box 3474
Salem, OR 97302
(503) 246-8934**

Our Job Serial Number: TSB-2023001782
Ref: 2127. DHS



The Oregon Department of Human Services
500 Summer St NE
Salem, Or 97301

Malstrom's Process Service Co.
PO BOX 3474
Salem, OR 97302

1

2

3

4

5                      IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                             FOR THE COUNTY OF MULTNOMAH

7

The Estate of MATTHEW REYNOLDS              Case No. 23CV13009
8
                    Plaintiff,
9    v.                                     SUMMONS
     THE    OREGON    DEPARTMENT    OF
10   HUMAN SERVICES, a government agency;
     ANGELA    KNEELAND,    in her individual
11   capacity;   REIGNA   RUSHFORD,   in her
     individual capacity; RHONDA IRISH, in her
12   individual capacity; AMY YOUNGFLESH,
     in her individual capacity; and JANE and
13   JOHN DOES 1-5; in their individual and/or
     official capacities,
14   Defendants.

15

16   TO: Rhonda Irish
         The Oregon Department of Human Services
17       500 Summer Street NE
         Salem, OR 97301
18

19          A lawsuit has been filed against you.

20

21          IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and

22   defend the complaint filed against you in the above-entitled cause within 30 days from the date

23   of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the

24   court for the relief demanded in the complaint.

25   //

26   //

        1 – SUMMONS

RIZZO | BOSWORTH | ERAUT pc
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

1                            NOTICE TO DEFENDANT:

2                        READ THESE PAPERS CAREFULLY!

3        You must "appear" in this case or the other side will win automatically. To "appear" you

4 must file with the court a legal document called a "motion" or "answer." The "motion" or

5 "answer" must be given to the court clerk or administrator within 30 days along with the required

6 filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

7 plaintiff does not have an attorney, proof of service on the plaintiff.

8        If you have questions, you should see an attorney immediately. If you need help in

9 finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

10 www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-

11 free elsewhere in Oregon at 800-452-7636.

12

13        Dated: April 18, 2023.

14

15                             RIZZO BOSWORTH ERAUT PC

16

17                             By: *s/Mary Skjelset*

18                             Steven Rizzo OSB No. 840853
                             Mary D. Skjelset OSB No. 075840

19                             Rizzo Bosworth Eraut PC
                            1300 SW Sixth Avenue, Suite 330

20                             Portland, OR 97201
                            Tel: (503) 229-1819

21                             Fax: (503) 229-0630
                            mskjelset@rizzopc.com

22                             srizzo@rizzopc.com
                            ATTORNEYS FOR PLAINTIFF

23

24

25

26

2 – SUMMONS

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com